UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL RAINWATER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-CV-3252 |
| | ) | |
| CLIFTON R. MCCALLA, | ) | |
| MARK E. STATON, and | ) | |
| MICHAEL L. LAWSON, | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. Plaintiff claims that, on August 20, 2010, he was transported to Quincy, Illinois to undergo carpal tunnel surgery on his right wrist. He claims that after the surgery Defendants placed a steel handcuff on his right wrist for the transport back to the detention center, in contravention of the surgeon's orders. Plaintiff alleges that he was subjected to severe, unnecessary and prolonged pain caused by the

restraint.

Defendants have moved for summary judgment. Defendants contend that the guards escorting Plaintiff (Defendants Staton and Lawson) were required to apply the handcuff absent permission from their supervisor, Defendant McCalla. Staton and Lawson phoned McCalla about the issue, who instructed them to keep the handcuff on Plaintiff because no doctor's order directed soft restraints. According to McCalla, Rushville residents are required to be handcuffed when transported, and McCalla could not authorize soft restraints without a doctor's order. (McCalla Aff. ¶¶ 2-3).

However, Plaintiff asserts that the surgeon, though his post-operative nurse, instructed Defendants Staton and Lawson not to apply handcuffs to Plaintiff's post-surgical wrist. According to Plaintiff, Staton and Lawson acquiesced to this order in the recovery room, but once they had Plaintiff in the van, out of sight of the medical professionals, Staton and Lawson applied a "standard youth sized hand cuff" over Plaintiff's post-surgical wrist, which was covered in bandages. Plaintiff contends

that he experienced intense, prolonged pain the entire trip back to the facility. Plaintiff points out that he presented no security risk because he was already in leg shackles, with his left hand cuffed to a waist chain, and that he is a 320-pound brittle diabetic who "would be hard pressed to run 50 feet let alone attempt an escape from a locked writ van." (Complaint, ¶ 8.)

Plaintiff's excessive restraint claim is analyzed under the Fourteenth Amendment's due process clause. "The Fourteenth Amendment right to due process provides at least as much, and probably more, protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment." Forrest v. Prine, 620 F.3d 739, 744 (7th Cir. 2010); Lewis v. Downey, 581 F.3d 467, 474 (7th Cir. 2009)(in an excessive force claim, due process clause prohibits all "punishment," providing "broader protection" than the Eighth Amendment, "[a]lthough the exact contours of any additional safeguards remain undefined . . . ."). The pattern jury instructions for an excessive force claim by a pretrial detainee employ a reasonableness standard, which is borrowed from the

Fourth Amendment, not the Eighth Amendment. *See* 7th Cir. Pattern Instr. 7.08 and Committee Comments thereto. Accordingly, the Court disagrees with Defendants that the Eighth Amendment standard applies to Plaintiff's excessive restraint claim. However, the Eighth Amendment standard is relevant to the extent Plaintiff pursues a claim for deliberate indifference to his serious medical needs. Thomas v. Cook County Sheriff's Dept., 604 F.3d 293, 301 n.2 (7th Cir. 2010)(same legal standard applies to lack of medical care under Eighth or Fourteenth Amendment).

In May v. Sheahan, 226 F.3d 876, 884 (7th Cir. 2000), the Seventh Circuit stated that "the use of bodily restraints [on pretrial detainees] constitutes punishment in the constitutional sense if their use is not rationally related to a legitimate non-punitive government purpose or they appear excessive in relation to the purpose they allegedly serve." The plaintiff in May was a pretrial detainee who challenged the Sheriff's policy of shackling of the plaintiff to his hospital bed 24 hours a day. The Seventh Circuit found that the allegations stated a claim: "it is hard

to see how shackling an AIDS patient to his or her bed around the clock, despite the continuous presence of a guard, is an appropriate policy . . . ." Id.

Here, drawing reasonable inferences in Plaintiff's favor, Defendants Lawson and Staton pretended to comply with the surgeon's oral directions to keep Plaintiff's post-surgical wrist free of restraints. Neither Staton or Lawson informed the nurse that they would need a written order. Once out of sight of the medical professionals, Lawson and Staton applied a standard metal handcuff to Plaintiff's post-surgical wrist, which caused intense and immediate pain to Plaintiff. None of the Defendants phoned the surgeon or the doctor at the detention center, despite their knowledge that Plaintiff had just undergone wrist surgery, was experiencing severe pain from the restraint, and, according to Plaintiff, posed no security risk in light of his other restraints that were in place and his physical limitations.

In this Court's opinion, a jury presented with these facts could rationally conclude that Plaintiff's restraints were excessive and/or that

Defendants were deliberately indifferent to Plaintiff's serious medical needs.  See Ralston v. McGovern, 167 F.3d 1160 (7th Cir. 1999)(sergeant's alleged refusal to follow doctor's order prescribing pain medicine survived summary judgment); Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995)("Prison guards' intentional interference with a prescribed treatment may constitute indifference . . . .").  Accordingly, Defendants' motion for summary judgment must be denied as well as their assertion of qualified immunity.

IT IS THEREFORE ORDERED:

    1) Defendants' motion for summary judgment is denied (d/e 19).

    2) A final pretrial conference is scheduled for January 28, 2013 at 3:30 p.m..  Plaintiff shall appear by video conference.  Defense counsel shall appear in person.  The parties are directed to submit an agreed, proposed final pretrial order at least seven days before the final pretrial conference.  Defendant bears the responsibility of preparing the proposed final pretrial order and mailing the proposed order to Plaintiff to allow Plaintiff sufficient time to review the order before the final pretrial

conference.  *See* CD-IL Local Rule 16.3.[1]

3)  The clerk is directed to issue a video writ to secure Plaintiff's appearance at the final pretrial conference.

4)  The proposed final pretrial order must include the names of all witnesses to be called at the trial and must indicate whether the witness will appear in person or by video conference.  Nonparty witnesses who are detained at the Rushville Treatment and Detention Center will testify by video.  Other nonparty witnesses may appear by video at the Court's discretion.  The proposed pretrial order must also include the names and addresses of any witnesses for whom trial subpoenas are sought.  The parties are responsible for timely obtaining and serving any necessary subpoenas, as well as providing the necessary witness and mileage fees. Fed. R. Civ. P. 45.

5) The Court will circulate proposed jury instructions, a statement of the case, and proposed voir dire questions prior to the final pretrial conference, for discussion at the final pretrial conference.  Proposed

---

[1]The Local Rules are listed on this District's website: www.ilcd.uscourts.gov.  A sample pretrial order is attached to those rules.

additional/alternate instructions and voir dire questions must be filed five business days before the final pretrial conference. The jury instructions, statement of the case, and voir dire questions will be finalized at the final pretrial conference, to the extent possible.

      6) Within five business days before the final pretrial conference, the parties shall file a numbered list of all exhibits which they may seek to introduce at the trial. The list of exhibits must number each exhibit and include a short description (for example, Plaintiff's Ex. 1: 11/10/12 health care request). The parties must prepare their own exhibits for introduction at the trial, marking the exhibits with the same number that is on the list submitted to the Court. Exhibits that are introduced at trial will be kept in the Court record. Therefore, the party offering the exhibit is responsible for making a copy of the exhibit to keep for the party's own records. Additionally, the parties are directed to exchange copies of their marked exhibits at least ten days before the final pretrial conference. If a party intends to object to the introduction of a proposed exhibit, that party must provide the Court a copy of the exhibit and an explanation of

the grounds for objection at least five business days before the final pretrial conference.  Objections will be argued orally at the final pretrial conference.

    7) Motions in limine are to be filed at least five business days before the final pretrial conference, to be argued orally at the final pretrial conference.

    8) Jury selection and the jury trial are scheduled for March 5, 2013 at 9:00 a.m., on the Court's trailing trial calendar.  The actual date for the jury selection and trail will be decided at the final pretrial conference.  In light of the Court's busy trial calendar, the parties are reminded that they may consent to a trial before Magistrate Judge Cudmore.  28 U.S.C. § 636(c)(1)(parties may consent to full time Magistrate Judge conducting "any or all proceedings in a jury or nonjury civil matter).  Consent is completely voluntary: the parties are "free to withhold consent without adverse substantive consequences."  28 U.S.C. § 636(c)(3).

    9) After the final pretrial order is entered, the Clerk is directed to issue the appropriate process to secure the personal appearance of

Plaintiff at the trial and the video appearances of the video witnesses at the trial.

ENTERED: November 13, 2012

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
